```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA                                :
                                                        :   22-CR-343-5 (JMF)
            -v-                                         :   24-CV-10083 (JMF)
                                                        :
ISAIAH THOMAS,                                          :   MEMORANDUM OPINION
                                                        :   AND ORDER
                        Defendant.                      :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Isaiah Thomas was convicted, following a guilty plea, of attempted murder and assault with a dangerous weapon in aid of racketeering (Count 8) and two counts of using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, crimes of violence (Counts 9 and 13). On June 3, 2024, the Court sentenced Thomas to 72 months' imprisonment on Count 8 to be followed by 60 months' imprisonment on each of Counts 9 and 13, for a total of 192 months, *see* ECF No. 277 ("Sent. Tr."), at 33,[1] well below the applicable range under the United States Sentencing Guidelines of 330 to 382 months' imprisonment, *see id.* at 6. Proceeding without counsel, Thomas has filed two motions: one, pursuant to 18 U.S.C. § 3582(c), for a reduction of his sentence, *see* ECF No. 345 ("3582 Motion"); and a second, pursuant to 28 U.S.C. § 2255, to vacate his sentence, *see* ECF No. 347 ("2255 Motion").[2]

Review of Thomas's motions is complicated by the fact that his direct appeal from the judgment of conviction is currently pending. In general, "[a] notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

---

[1]  All record citations are to the docket in 22-CR-343 (JMF).

[2]  References to page numbers in Thomas's motions are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

involved in the appeal.'" *United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). As the Second Circuit has observed, it is "not 'tolerable' to have a district court and court of appeals simultaneously analyzing the same judgement." *United States v. Jacques*, 6 F.4th 337, 343 (2d Cir. 2021) (quoting *Griggs*, 459 U.S. at 59) (cleaned up). That said, Rule 37(a) of the Federal Rules of Criminal Procedure gives a district court several options when confronted with a "motion . . . for relief that the court lacks authority to grant because of" a pending appeal: It may defer consideration of the motion, deny the motion, or indicate that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Exercising the authority granted by Rule 37(a), the Court DENIES Thomas's motion for a sentence reduction pursuant to Section 3582(c). For starters, Thomas's Section 2255 motion suggests that he may not have exhausted his administrative remedies, as required by Section 3582(c)(1)(A). *See* 2255 Motion 21 ("Due to ongoing threats and retaliation by staff, the inmate was not able to exhaust administrative remedies while detained at MDC."). But even if he had (or the Court were to overlook the deficiency), his motion falls far short of meeting the standards for relief under Section 3582. He argues, first, that his sentence was based on the impermissible "stacking" of sentences for his convictions under 18 U.S.C. § 924(c), *see* 3582 Motion 2-3, but on that he is simply mistaken. Yes, the Court imposed consecutive sentences for his two Section 924(c) convictions (which were, after all, based on separate acts of violence), *see* Sent. Tr. 28, but in doing so it did not rely on the long-since-amended "stacking" provision of Section 924(c), *see United States v. Robles*, 553 F. Supp. 3d 172, 177-79 (S.D.N.Y. 2021). And he insists, second, that he is fully rehabilitated, citing, among other things, his participation in GED classes and an addiction program. *See* 3582 Motion 3-4. These steps are certainly commendable, but they do not come close to meeting the "extraordinary and compelling" threshold that Section 3582 demands.

*See United States v. Fernandez*, 104 F.4th 420, 427-28 (2d Cir. 2024) (defining "extraordinary" and "compelling").

In any event, Thomas's motion would fail even if he could show "extraordinary and compelling reasons" warranting a sentence reduction because a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted)) (citing cases). Less than nine months ago, the Court carefully considered the Section 3553(a) factors at sentencing and concluded that they called for the sentence that was imposed — well below the Guidelines range. In doing so, it stressed the "extremely serious" nature of Thomas's crimes — the "use of violence, the prolific nature of [his] robberies and larcenies, the fact that he was engaged in coaching others to do the same even when he was incarcerated," and his "serious disciplinary infractions" in jail. Sent. Tr. 31. Put simply, as commendable as Thomas's efforts to pursue self-improvement since his sentencing may be, a reduction of his sentence would not be consistent with the Section 3553(a) factors. *See, e.g.*, *United States v. Jenkins*, No. 16-CR-391-1 (JMF), 2023 WL 3479525, at *2 (S.D.N.Y. May 16, 2023) (denying a Section 3582 motion on similar grounds). For all of these reasons, Thomas's Section 3582 motion must be and is DENIED.

Thomas's Section 2255 motion, meanwhile, warrants even briefer discussion. Granted, his pending appeal is not technically a "*jurisdictional* bar" to this Court's adjudication of the motion. *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002). But district courts often do refrain from entertaining a Section 2255 motion while a direct appeal is pending based on the "concern . . . of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." *Id.*; *accord United States v. Rodgers*, 101 F.3d 247, 251 (2d

3

Cir. 1996). Following that prudential approach here, the Court DISMISSES Thomas's Section 2255 motion as premature. That disposition permits Thomas to refile his motion without Court of Appeals approval after his direct appeal is resolved (assuming, of course, the direct appeal does not moot the motion). *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) ("Generally, a § 2255 petition is 'second or successive' if a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits." (citing *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996))); *see also Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice.").

For the foregoing reasons, Thomas's Section 3582 motion is DENIED and his Section 2255 motion is DISMISSED. As he has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 345, 347, and 354; to close 24-CV-10083 (JMF); and to mail a copy of this Memorandum Opinion and Order to:

> Isaiah Thomas
> Register No. 39372-510
> USP Hazelton
> U.S. Penitentiary
> P.O. Box 2000
> Bruceton Mills, WV 26525

SO ORDERED.

Dated: February 27, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge